**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4601**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERMAINE WALLACE,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-03-243-JFM)

_____

Submitted:  March 15, 2006          Decided:  November 2, 2006

_____

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

David B. Irwin, IRWIN GREEN & DEXTER, L.L.P., Towson, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Angela R. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jermaine Wallace pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with the intent to distribute cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841, 846(b)(1)(A)(ii), (b)(1)(A)(iii) (2000). After determining that the criminal history category assigned by the probation officer to Wallace over-represented the seriousness of Wallace's past crimes, the district court departed downward from the applicable federal sentencing guideline range pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(b) (2003), and sentenced Wallace to 188 months' imprisonment, at the bottom of the newly-calculated range. Citing United States v. Booker, 543 U.S. 220 (2005), Wallace asserts on appeal that the district court erred in sentencing him under the mandatory guidelines regime that was in place at the time of his sentencing, and has filed a motion to remand his case for resentencing. Wallace does not challenge his conviction.

Wallace's claim on appeal lies in the fact that he was sentenced under a mandatory guidelines regime in violation of Booker,[1] which claim we review for plain error, as Wallace did not object in the district court to his sentence on the basis of the mandatory application of the guidelines. United States v. White,

---

[1] He concedes that his sentence was not enhanced by the district court in contravention of his Sixth Amendment rights.

405 F.3d 208, 223 (4th Cir.), cert. denied, 126 S. Ct. 669 (2005). Because the district court in this case applied the guidelines in a mandatory fashion when it sentenced Wallace, it committed legal error. Id. at 216-17 & n.7. However, prejudice is not presumed, and the burden is on Wallace to demonstrate that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). In determining whether the error affected the outcome of the district court proceedings, the court must consider, "[W]hether 'after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error.'" White, 405 F.3d at 223 (citations and footnotes omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224.

In this case, Wallace has indeed asserted that the district court would have sentenced him differently had the district court been able to sentence him under an advisory, rather then mandatory, guidelines scheme, citing to various statements made by the district court at sentencing. Specifically, with regard to the application of criminal history points on Wallace's simple drug possession charge when he was seventeen years old, the district court commented as follows:

This isn't a place to engage in psychology or sociology. But if that is all true, it certainly is pretty rough to be having the kind of consequences under the guidelines upon the sentences here from offenses committed when people are 17 years old. It really is. It really is just rather draconian.

In addition, recognizing the then-mandatory nature of the guidelines and their constraints on its discretion, the district court later stated, "the guidelines are the guidelines." Following its determination that a criminal history category of III over-represented the seriousness of Wallace's criminal history, and departure downward to a criminal history category of II,[2] the district court commented, "I'm not going down as far as, though, frankly, I would like to, . . . to a criminal history category one because I think it would be unprincipled, I think that the background here, it is what it is. It might be lighter within Baltimore City but that's not the issue. And I think, as I say, it would be unprincipled. Even though my heart would like to take that argument, I don't think I can do it." While it would appear that while the district court may not have dropped Wallace's sentence as far as a criminal history category I, it may have sentenced Wallace to a somewhat lower sentence than the bottom of the guideline range applicable to a criminal history category II, had it possessed the discretion at the time to do so.[3] Given the

---

[2]With an attendant guideline range of 188 to 235 months.

[3]We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Wallace's]

- 4 -

district court's stated discomfort with and multiple referrals to the mandatory nature of the guidelines, we find it prudent to remand this case to the district court for reconsideration of Wallace's sentence pursuant to an advisory sentencing scheme.[4]

Accordingly, while we affirm Wallace's conviction, we grant his motion to remand, vacate his sentence, and remand for resentencing in light of <u>Booker</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>

---

sentencing." <u>Hughes</u>, 401 F.3d at 545 n.4.

[4]Post-<u>Booker</u>, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence.  If a court imposes a sentence outside the guideline range, it must state its reasons for doing so.  <u>Hughes</u>, 401 F.3d at 546.